UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM F. MAHON, ET. AL.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: FILE NO. S 00 CV 2918<br>:<br>: Judge William D. Quarles<br>:<br>:<br>: |

### SEC'S OPPOSITION TO DEFENDANT DEAN J. JUPITER'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Plaintiff, United States Securities and Exchange Commission (SEC), through its counsel respectfully opposes Defendant Dean J. Jupiter's Motion to Quash Subpoena and for Protective Order regarding the SEC's subpoena to Jupiter's accountant, Larry Legal, to produce documents and appear for deposition. The SEC submits this Opposition on two grounds: (1) that the subpoenaed documents are not privileged, and (2) that the subpoena falls within the permissible scope of discovery.

### Facts

1.  The SEC and Jupiter have engaged in extensive settlement negotiations. During those negotiations, Jupiter produced various financial records to the SEC with cover letters claiming that the documents were "for settlement purposes only." The SEC never conceded that this limiting language was binding.

2. In January 2003, the parties reached a partial settlement. The only relief to which Jupiter agreed was the entry of an Order of Permanent Injunction (Order). Also in January 2003, the parties corresponded regarding the limiting language that Jupiter had included in his document productions during settlement negotiations. On January 16, 2003, the SEC sent Jupiter a letter (Exhibit A) requesting Jupiter agree not to attempt to put limitations on various documents. On January 23, 2003, the SEC sent Jupiter a letter (Exhibit B) confirming which documents Jupiter consented to the SEC using unconditionally, including among other things, brokerage statements, bank statements, the Dean J. Jupiter Trust Agreement, the Jupiter Family Trust tax returns.

3. Jupiter and the SEC continued settlement discussions, in the course of which Jupiter informed the staff that he had created offshore trusts, which held the majority of his remaining assets. Jupiter provided the SEC with copies of some, but not all, of the trust documents, again with cover letters saying that the documents were "for settlement purposes only."

4. It now appears that Jupiter and his wife have relocated to the Bahamas. In February 2004, the SEC unsuccessfully attempted to serve subpoenas on Jupiter and his wife at their residence in Florida. The process server was met by a family that purchased the Jupiters' home in December 2003. The new owners said that they believed that the Jupiters moved to Nassau, Bahamas.

5. Jupiter's actions have rendered it necessary to conduct discovery regarding the items included in the subpoena to Larry Legal, Jupiter's accountant.

## **Memorandum in Support of Opposition**

A.   **The Subpoenaed Documents Are Not Privileged**

The documents subpoenaed from Legal are not protected by any privilege that would bar production. While Fed. R. Civ. Pro. 45(c)(3)(A) provides that a court may quash or modify a subpoena that requires "disclosure of privileged or other protected matter," the documents at issue are neither privileged nor protected. Under federal law there is no accountant-client privilege, no recognition of state-created accountant-client privilege, and no accountant work product immunity. U.S. v. Arthur Young & Co., 104 S. Ct. 1495 (1984); Couch v. United States, 409 U.S. 322 (1973); In re Grand Jury Proceedings, 658 F.2d 782 (10th Cir. 1981). Moreover, the documents at issue are not protected from production by Legal merely because Jupiter produced them incidental to settlement discussions. Although the issue at hand relates to discovery rather than the admissibility of evidence, Fed. R. Evid. 408, which addresses "Offers to Compromise," provides persuasive guidance. Fed R. Evid. 408 says that "conduct or statements made in compromise negotiations" are not admissible "to prove liability." The SEC's subpoena does not call for the production of "statements made in compromise negotiations." Rather, it calls for the production of documents in the possession of a third party. Fed. R. Evid. 408 specifically "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." Bankcard Am., Inc. v. Universal Bancard Sys., 203 F.3d 477, 484 (7th Cir. 2000). Moreover, Fed R. Evid. 408 only bars admission of settlement negotiations "to prove liability." Id. There is no issue of liability in this case because Jupiter already has consented to entry of an injunction. Finally, even assuming for the sake of argument that there were some type of settlement privilege that attached to the documents sought in the subpoena, Jupiter has waived any such privilege. Jupiter consented to the SEC's

3

unconditional use of the majority of the documents identified in its January 23, 2003 letter, effectively waiving any privilege to those categories of documents. Included among those categories were assets (including trusts) and financial records (including bank statements and brokerage records). Accordingly, no privilege or protection bars Legal's production of the subpoenaed documents, and, even if there were, Jupiter waived the privilege. Based on this, Jupiter's Motion should be denied.

**B.     The Subpoena Falls Within The Permissible Scope of Discovery**

Jupiter's current effort to redefine the scope of discovery is just another attempt to avoid this Court's authority. Jupiter's own actions have rendered it necessary for the SEC to conduct discovery regarding the items included in the subpoena issued to Legal. It appears that during the pendency of this action, Jupiter relocated offshore both himself and his assets, and that he dissipated his assets. Because of this, the SEC may need to petition the Court to amend its complaint to include as relief defendants the individuals to whom Jupiter dissipated assets as well as the beneficiaries of Jupiter's trusts (who the SEC believes are Jupiter, his wife, and his children). If so, this Court then will have the ability to enter orders against those individuals to disgorge any funds disbursed to them by Jupiter directly or through his trusts, previously or prospectively. The subpoena issued to Legal requests information that will assist the SEC in determining whether it will pursue amendment of the complaint to add relief defendants. Although the information sought by the SEC may be similar to that which would be sought in a supplemental proceeding in aid of execution, the information is relevant to the SEC's search for potential relief defendants.

Jupiter's motion inaccurately claims that because he consented to entry of an injunction, the scope of discovery is limited to the single issue of his income as it relates to the issues of

disgorgement and penalties. The language of the Order itself belies this position. Paragraph III of the Order preserves the SEC's right to conduct discovery regarding "any unresolved issue in the case with respect to Defendant, **which shall include, but not be limited to**" disgorgement and penalties (emphasis added). Although Paragraph II of the Order contemplates a hearing on the limited issues of disgorgement and civil penalties, the Order does not contemplate that discovery correspondingly be limited to those issues.

The "unresolved issue" in this case is the scope of relief to be ordered, including as against potential relief defendants. The relief sought in the SEC's complaint was not limited to an injunction, disgorgement, and penalties as argued by Jupiter. Rather, the SEC's Complaint also requested that this Court "retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court," and "[g]rant Orders for such further relief as the Court may deem appropriate." This language, as well as this Court's equitable powers, provides authority to add potential relief defendants.

Moreover, Jupiter has acknowledged that the scope of discovery is not limited to just his income. In the parties' January 2003 correspondence, Jupiter agreed to the SEC's use of a myriad of documents that relate to issues other than his income. The documents to which Jupiter agreed not to place limitations on included bank statements, brokerage statements, and asset and trust information. The scope of discovery in the SEC's current subpoena to Legal parallels these categories of documents.

## Conclusion

WHEREFORE, for the foregoing reasons, the SEC requests that the Court deny Jupiter's Motion.

Respectfully submitted,

**For Plaintiff Securities and Exchange Commission:**

*/s/ Carolann Gemski*

Carolann Gemski (DC Bar #438561)
One of the Attorneys for Plaintiff
U. S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
(312) 353-7390

## CERTIFICATE OF SERVICE

I, Carolann Gemski, hereby certify that on March 26, 2004, a copy of the foregoing Opposition to was filed electronically. Notice of this filing will be sent electronically to Allan M. Lerner, counsel for Defendant Dean J. Jupiter by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.

*/s/ Carolann Gemski*
Carolann Gemski

6



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
MIDWEST REGIONAL OFFICE
175 WEST JACKSON BLVD., 9TH FLOOR
CHICAGO, ILLINOIS 60604

DIVISION OF ENFORCEMENT

TELEPHONE
(312) 353-7429

FACSIMILE
(312) 353-7398

January 16, 2003

**VIA FACSIMILE: (954) 563-8522**

Allan M. Lerner
Law Offices of Allan M. Lerner P.C.
2888 East Oakland Park Blvd
Ft. Lauderdale, Florida 33306

    Re:    <u>SEC v. William F. Mahon et. al.</u>, Civil Case No. S 00CV2918

Dear Mr. Lerner:

    As we discussed with Judge Gauvey, I will cancel Larry Legel's deposition scheduled for next Friday if Jupiter will agree not to attempt to place limitations on our use of the financial information he provided us. That financial information includes the following documents:

1. All Statements of Financial Condition (SFCs) and accompanying schedules as of August 31, 2000, May 31, 2002 and November 25, 2002.
2. All financial records provided to us in support of the SFCs and accompanying schedules including:
   a. Attorneys fees, invoices and associated items (bate stamped 00001 through 00428)
   b. Real estate appraisal (bate stamped 00429 – 00453)
   c. Bank statements (bate stamped 00454 – 00548)
   d. Home additions, improvements and repairs (bate stamped 00549 - 01045)
   e. D.R. Stoneworks expense analysis (bate stamped 1046 –1048)
   f. Automobile information (bate stamped 01049 - 01053)
   g. Brokerage statements (bate stamped 01054 – 01341 & 001370 - 001883)
   h. Mortgage and promissory notes (bate stamped 01342 - 01355)
   i. Incentive stock option agreement, commission schedules and deferred bonus compensation plan statements (bate stamped 01356 – 01364)
   j. Insurance policy and promissory note (bate stamped 01365 – 01369)
   k. Mortgage finance statement, computer and peripheral equipment, county line Lexus letter, and Household Improvements (bate stamped 001884 – 002063)
   l. Dean J. Jupiter Trust Agreement (bate stamped 002064 – 002089)



EXHIBIT A

- m. Tax returns for Jupiter, Jupiter Family Trust, Jupiter Investment Co., D.R. Stoneworks, Inc. and Dean J. Jupiter Trust from 1992 – 2001; and D.R. Stoneworks general ledger (including documents bate stamped 002090 – 002678)
- n. Dean J. Jupiter Statement in Support of Settlement Offer as of November 7, 2000
- o. November 2, 2000 letter from Barbara Jupiter
- p. Home Sale Worksheets from 2001 Form 1040

Per Judge Gauvey's instructions, please notify me in writing by Tuesday, January 21, whether Jupiter will agree to this.

Sincerely,

*Paul Montoya*

Paul A. Montoya
Chief, Branch of Enforcement #4



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
MIDWEST REGIONAL OFFICE
SUITE 900
175 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604

CAROLANN GEMSKI  
ATTORNEY  
DIVISION OF ENFORCEMENT

TELEPHONE: (312) 353-0512  
FACSIMILE: (312) 886-8514

January 23, 2003

**Via Facsimile 954-563-8522**
Allan M. Lerner
Law Offices of Allan M. Lerner P.A.
2888 East Oakland Park Blvd
Ft. Lauderdale, Florida 33306

Re:  <u>SEC v. William F. Mahon et. al.</u>, Civil Case No. S 00CV2918

Dear Mr. Lerner:

I am writing to confirm our conversation of this afternoon. We agreed to postpone the deposition of Larry Legal, scheduled for tomorrow, to a date to-be-determined and that discovery would remain open until the issue of Mr. Legal's deposition is resolved. You will notify Mr. Legal not to appear for his deposition tomorrow. You indicated that, as a general matter, your client will not agree to stipulate to the use of any affidavits submitted by him as part of settlement discussions, such as the affidavits attesting to the accuracy of the Statements of Financial Condition. You indicated that you need another week to determine your client's position regarding Paragraph 1 of Paul Montoya's letter dated January 16, 2003. You indicated that you will not, at this time, agree to the introductory language in Paragraph 2 of Paul Montoya's letter of January 16, 2003, or to items n. and o. in that subsection. You indicated that you will stipulate to unconditional use of the remaining items under Paragraph 2 of Paul's January 16, 2003 letter (sections a-m and section p).

If you have any questions, please contact Paul at (312) 353-7429.

Sincerely,

Carolann Gemski
Attorney, Division of Enforcement

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** : <br> : <br> **Plaintiff,** : <br> : CIVIL ACTION <br> v. : FILE NO. S 00 CV 2918 <br> : <br> **WILLIAM F. MAHON, ET. AL.** : Judge William D. Quarles <br> : <br> **Defendants.** : <br> : | |

## ORDER DENYING DEFENDANT DEAN J. JUPITER'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

UPON CONSIDERATION of Defendant Dean J. Jupiter's Motion to Quash Subpoena and for Protective Order and the SEC's Opposition, it is this _____ day of _____, 2004, by the United States District Court for the District of Maryland:

ORDERED, that Defendant's Motion be, and hereby is DENIED.

SO ORDERED.

_____
Judge, United States District Court
for the District of Maryland