UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

U.S. Securities & Exchange Commission,

        Plaintiff,                        CASE No. S 00 CV 2918
                                                 Judge William D. Quarles

vs.

William F. Mahon and
Dean J. Jupiter,

        Defendants,
_____/

### DEFENDANT DEAN J. JUPITER'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

The defendant, Dean J. Jupiter ("Jupiter"), by and through its undersigned counsel, moves this Court for an Order, quashing a Subpoena issued by the plaintiff Securities & Exchange Commission ("SEC"), as unreasonable, or, in the alternative, to grant him other relief under Rules 26(c), 30(d), 45(c) and 45(d) of the Federal Rules of Civil Procedure.
.

### PRELIMINARY STATEMENT

The SEC filed its Complaint in September 2000 in the U. S. District Court for the Northern district of Maryland, against defendant Jupiter and others, alleging, *inter alia,* that, from approximately 1992 through 1997, defendant Jupiter obtained illegal gains from his participation in a scheme to defraud a customer of the securities brokerage firm with which he was associated. The Complaint specifically demanded, among other things, monetary relief in the form of disgorgement of the illicit gains and civil penalties.

On January 17, 2003, the Court entered an Order of Permanent Injunction against Jupiter ("Order) by Consent. A copy of the Order is attached as Exhibit A. Paragraph II of the Order

states:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant disgorge all ill-gotten gains received by him as a result of the conduct alleged in the Commission's complaint, plus prejudgment interest on those amounts. This Court will set the specific amount of disgorgement, and will determine whether to impose civil penalties on Defendant [Jupiter], and in what amount in a separate hearing upon due notice and motion by the Commission. *At that hearing the issues will be limited to determining (i) the amount of the disgorgement to be ordered and (ii) whether civil penalties should be imposed on Defendant and the amount of any such penalties.*

The Order also set forth the limits of the future discovery by stating:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Commission is expressly authorized to engage in discovery regarding *any unresolved issue* in the case with respect to Defendant, which shall include, but not be limited to, discovery for purposes of determining the amount of ill-gotten gains and civil penalties, if any."

Jupiter seeks to quash or modify a Subpoena issued by the SEC in connection with the hearing regarding disgorgement and civil penalties, due to the Subpoena:

- violating the Court's Order;
- invading the privacy of defendant Jupiter;
- seeking information in aid of execution before entry of a monetary judgment;
- seeking privileged information

### FACTS

The Subpoena, issued on February 12, 2004 to Jupiter's accountant, Larry Legal ("Legal"), was originally returnable on March 22, 2004, in Ft. Lauderdale, Florida. Although the SEC and the undersigned discussed the taking of the Legal deposition, and agreed upon the

March 12, 2004 date through oversight, the SEC did not provide a copy of the subpoena and the document attachment until March 12, 2004. This explains the seemingly late filing of this Motion. By stipulation among the parties and the witness, in order to give Jupiter the appropriate time within which to file his objections and this Motion, and the Court an opportunity to rule on the Motion, the return date of the Subpoena has been moved to April 16, 2004. A copy of the Subpoena is attached as Exhibit B.

Defendant Jupiter takes no issue with any reasonable request by the SEC for income information during the violative period derived from the alleged illicit scheme. We have, in fact, provided, and will provide, all tax returns, Form 1099 and Form IRS W-2 statements derived from the broker dealer through which Jupiter conducted his business. Indeed there has never been any question over the genuineness or the accuracy of these documents.

Yet, the production portion of the Subpoena requests documents relating to:

- Trusts and trust funds including documents reflecting communications or relationships to with Jupiter's children (Item 1 and 2)
- Transfers of assets outside the U.S. (Item 3)
- Communications relating to this action m(Item 4)
- For the period *post 2002*, bank accounts checking accounts, money market accounts etc. over which Jupiter had signatory authority (Item5)
- Financial condition of Jupiter (Item 6)
- Real estate owned by Jupiter *post2002* to date (Item 7)
- Trust tax returns (Item 8)

Based upon these items, Jupiter seeks the relief set forth herein.

**MEMORANDUM IN SUPPORT OF THE MOTION**
**Argument**
*A. The Subpoena and the likely Depositional Inquiry is Beyond the Scope of Permissible Discovery and Violates Order of the Court*

Ordinarily, only the non-party to whom the subpoena is directed has the right to challenge it. **Oliver B. Cannon & Son, Inc. v. Fidelity and Casualty Co. of New York,** 519 F. Supp. 668 (D. Del, 1981). There are, however, exceptions. One of the exceptions entitles a party to a protective order when the subpoena violates an order of the Court. See, for e.g. **Thomas v. Marina Assocs.,** 202 F.R.D. 433 (ED Pa. 2001) ("Defendant would have standing to move for a protective order where the subpoena was in violation of case management orders issued under Fed.R.Civ.P. 16 and 26, citing, **Integra Lifesciences I, Ltd. v. Merck KGaA**, 190 F.R.D. 556, 562 n.3 (S.D. Cal. 1999), citing, in turn, **Marvin Lumber and Cedar Co. v. PPG Industries, Inc**., 177 F.R.D. 443, 445 (D.Minn. 1997)"). Here, Jupiter's consent to the final judgment left the only remaining and unresolved issue the ***amount*** of ill-gotten gains that the Court would eventually order him to disgorge, and what, if any civil penalty, would be required of him. This is the relief that the SEC demanded in its Complaint, and which is clearly defined and limited by the Order. See, Exhibit A.

The Subpoena is, instead, a search for assets. There is no allegation of the Complaint nor directive in the Order that permits this type of discovery. The SEC is recharacterizing this proceeding such that it is taking on the appearance of a supplementary proceeding in aid of execution before there is a determination of the amount of disgorgement and a rendering of a final judgment ordering that it be paid. Cf. **SEC v. Huffman**, 996 F.2d 800 (5th Cir. 1993); and **Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems Ltd**., 526 So. 2d 177 (Fla. 2nd DCA, 1988) (***judgment creditor*** should be allowed broad discovery into the debtor's finances, pursuant to section 56.29(4), Fla. Stat. (1985), and Fla. R. Civ. P. 1.280, even if the discovery concerns property jointly owned with others). The Order identifies "[th]e ***amount of ill-gotten gains and***

*civil penalties*, if any." as the only specific item to be examined.  Because the SEC's only burden is to prove the amount of the ill-gotten gains, ***SEC v. Great Lakes Equities Co.***, 775 F. Supp. 211, (E.D. Mich. 1991), its discovery should be limited to that issue alone.

*B. The Documents Sought are Confidential and became known to the SEC as a result of Confidential Discussions and are subject to the Defendant's right to Privacy*

The  documents sought by the SEC are in the possession of Jupiter accountant, a relationship of trust and fidelity.  Jupiter claims a personal right to these documents and the testimony which Legal is like to be asked to give, as this information involves highly confidential material pertaining to Jupiter's finances, taxes and assets.

More compelling is the fact that the information sought by Subpoena was previously disclosed to the SEC during the course of confidential settlement discussions and confidential mediation sessions, attended by, among others, Legal.   The SEC now seeks to obtain the documents and testimony  by issuing the Subpoena to Legal.  This is an improper use of the Subpoena, and Jupiter has standing to object under Rule 45, which states, in part:.

> (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it...
>
> > (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies.

See, ***Broadcort Capital Corp. v. Flagler Sec.*,** 149 F.R.D. 626 (D. Col.  1993).  In addition, a party also may move to quash a subpoena upon a showing that there is a privacy interest applicable. ***Broadcort*** supra; ***Smith v. Midland Brake, Inc***., 162 F.R.D. 683, 685 (D.Kan.1995); ***Windsor v. Martindale*,** 175 F.R.D. 665 **(**D. Col. 1997**)**.

### Conclusion

Based upon the foregoing, Defendant, Dean Jupiter, requests the Court to quash and enter

a protective order, and to limit the production of documents and depositional inquiry to the amount of monies earned by Jupiter during the violative period.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been filed electronically this 31st day of March, 2004. Notice of this filing will be sent electronically to Carolann Gemski, counsel for Plaintiff Securities and Exchange Commission by operation of the Court's electronic filing system. Copies have also been forwarded via U.S. Mail to:

Robert Biddle, Esq.
Bennett & Nathans, LLP
210 East Lexington Street, Suite 301
Baltimore, MD 21202

M. Daniel Hughes, P.A.
3000 N. Federal Highway
Bldg. 2, South
Fort Lauderdale, FL 33306

David P. King, Esq.
LabCorp
430 South Spring Street
Burlington, NC 27215

Carolann Gemski, Esq.
U.S. Securities & Exchange Commission
Midwest Regional Office/Suite 900
175 West Jackson Blvd., 9th Floor
Chicago, IL 60604

                                                Allan M. Lerner, P.A.
                                                2888 E. Oakland Park Blvd.
                                                Fort Lauderdale, FL 33306
                                                Tel:(954)563-8111
                                                Fax:(954)563-8522

                                       By:   /s/ Allan M. Lerner
                                                 Allan M. Lerner
                                                 FBN 196681