UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

**U.S. Securities & Exchange Commission,**

       **Plaintiff,**                           CASE No. S 00 CV 2918
                                                          Judge William D. Quarles

**vs.**

**William F. Mahon and
Dean J. Jupiter,**

       **Defendants,**

_____/

## REPLY TO SEC RESPONSE TO JUPITER'S MOTION TO QUASH

### Scope of Discovery

After nearly four years of litigation, preceded by years of investigation, the SEC now argues, in opposition to its own representations and the Order of the Maryland Court, that there may be additional issues to be resolved. and thus a need to perpetuate this litigation. The SEC states in its Memorandum at p. 4, that it

> "...may need to petition the Court to amend the complaint to include as relief defendants the individuals to whom Jupiter dissipated assets well as the beneficiaries of Jupiter's trusts... ."

The SEC has had this information for years. It was obtained during settlement discussions and employed during the confidential mediation process arranged by the Maryland district court.[1] See, letter from the SEC to Judge Quarles dated September 23, 2003, attached as Exhibit 1 hereto. In fact, on January 27, 2003 (Exhibit 2 attached hereto), just prior to the mediation, and on July 10, 2003-nearly six months after the mediation (at which time the SEC admits it had the information concerning the Jupiter trusts and knowledge of the beneficiaries)[2], the SEC advises the Maryland Court:

> "The ***only remaining issues*** in this case are the amount of the disgorgement,

---

[1] The SEC's contention that the defendant's limiting language regarding settlement was not binding on them is disingenuous. In fact, the SEC labeled their own correspondence to the undersigned with the identical limiting language.

[2] See, ¶s2 and 3 of the SEC Response in Opposition.

prejudgment interest, and any civil penalty Mr. Jupiter should be ordered to pay." See, Exhibit 3 attached hereto.

Now, nearly one year later, the SEC has prophesied that there may be other issues.

Notwithstanding our contention that the information was gathered during a privileged process, more significantly, it clearly relates to post-judgment collection activities, entirely irrelevant at this stage of the proceedings.

Nowhere in the SEC's complaint do they claim that members of the defendant's family participated in the fraudulent scheme. Under the SEC's theory that the family members <u>may</u> be added as relief defendants because they were recipients of dissipated assets, virtually anyone who received money from the defendant–including pool service, gardener, electric company, supermarkets, schools, etc.–could be named as a relief defendant. What the SEC is attempting to accomplish falls directly in the category of proceeding supplementary in aid of execution of a judgment not yet obtained.

The SEC's suggestion that Jupiter is attempting to redefine the Order, does not require any further rebuttal than asking this Court to give plain meaning to the Order. There are no unresolved issues other than the amount of the disgorgement and civil penalties. See, Exhibits 2 and 3 hereto and Exhibit A to defendant's Motion to Quash. The Order makes that clear. The SEC may wish to invoke a variety of schemes after four year so litigation, but the fact is that this part of the case is over once these amounts are determined.

Finally, the SEC's contention that Jupiter waived the privilege is nonsense. The correspondence attached by the SEC (their Exhibit A and B) related solely to the unconditional use of the documents enumerated at the **mediation**. See, for example, the last sentence in the January 16, 2003 (SEC's Exhibit A) letter's reference to Judge Gauvey who was the *mediator*. See, also the January 23, 2003 letter (SEC's Exhibit B) which relates to the use of the documents at the **"settlement discussion"** which were to take place before Judge Gauvey. It was not permission to use the enumerated documents carte blanche in the litigation.

For all of the foregoing, defendant Jupiter requests that the Subpoena issued to Larry Legal be quashed in accordance with our motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply has been filed electronically this 31st day of March, 2004.  Notice of this filing will be sent electronically to Carolann Gemski, counsel for Plaintiff Securities and Exchange Commission by operation of the Court's electronic filing system.   Copies have also been forwarded via U.S. Mail to:

Robert Biddle, Esq.
Nathans & Biddle, LLP
120 East Baltimore Street, Suite 1800

Baltimore, MD 21202

M. Daniel Hughes, P.A.
3000 N. Federal Highway
Bldg. 2, South
Fort Lauderdale, FL 33306

David P. King, Esq.
LabCorp
430 South Spring Street
Burlington, NC 27215

Carolann Gemski, Esq.
U.S. Securities & Exchange Commission
Midwest Regional Office/Suite 900
175 West Jackson Blvd., 9th Floor
Chicago, IL   60604

                                                          Allan M. Lerner, P.A.
                                                          2888 E. Oakland Park Blvd.
                                                          Fort Lauderdale, FL 33306
                                                          Tel:(954)563-8111
                                                          Fax:(954)563-8522


                                                          By:   /s/ Allan M. Lerner
                                                                Allan M. Lerner
                                                                FBN 196681