**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** : : : : | |
| **Plaintiff,** : : | CIVIL ACTION |
| v. : | FILE NO. S 00 CV 2918 |
| : | |
| **WILLIAM F. MAHON, ET. AL.** : : | Judge William D. Quarles |
| **Defendants.** : : | |

**PLAINTIFF SEC'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO SHORTEN TIME FOR FILING OF ANSWERS BY THE PROPOSED RELIEF DEFENDANTS**

Plaintiff, United States Securities and Exchange Commission (SEC), through its counsel and pursuant to Fed. R. Civ. P. 15(a) and Local Rule 103.6, respectfully moves the Court for an order permitting the SEC to file its First Amended Compliant adding various defendants solely for the purpose of equitable relief. The proposed relief defendants are beneficiaries of foreign and domestic trusts to which Defendant Dean J. Jupiter appears during the course of this litigation to have transferred some, if not all, of his remaining assets. The beneficiaries include Jupiter's wife, Barbara A. Jupiter, and her minor children, Jillian Coen and Robert Coen, and Jupiter's adult sons, Lee Jupiter, Sean Jupiter, Derek Jupiter (collectively, "the relief defendants"). The First Amended Complaint requests entry of an order against the relief defendants that requires them to disgorge any of Jupiter's ill-gotten gains that they may have received or will in the future receive. The First Amended Complaint also seeks prejudgment interest on any ill-gotten gains received by the relief defendants and a repatriation order against Jupiter and the

relief defendants. The Commission is requesting that the time for filing of answers by the proposed relief defendants be shortened because the amendments to the compliant do not allege that the relief defendants violated the federal securities laws, but only seeks equitable relief against them. In support of its Motion, the SEC states the following:

**Background**

1. On September 28, 2000, the SEC filed a Complaint in this action, alleging, inter alia, that Defendants William F. Mahon (Mahon), formerly a portfolio manager for Alexander & Alexander Services, Inc. (Alexander) and Jupiter, formerly a brokerage firm representative, engaged in a kickback scheme from 1992 through 1997. In its Complaint, the SEC claimed that Mahon purchased and sold millions of dollars in high-risk securities for Alexander contrary to Alexander's investment policy and state insurance regulations. The Complaint also alleged that Mahon purchased several of these securities through Jupiter, that Jupiter made $14.3 million in commissions on the sale of these securities to Alexander, and that Jupiter paid Mahon $190,000 in kickbacks.

2. On September 28, 2000, the Court entered an Order of Preliminary Injunction and Other Relief against Mahon, by consent.

3. On January 17, 2003, the Court entered an Order of Permanent Injunction against Jupiter (Order), in which Jupiter neither admitted nor denied the allegations in the complaint but consented to entry of the Order. The Order did not provide for an amount of disgorgement, prejudgment interest, or a civil penalty, as the parties were unable to come to settlement on those issues. The parties continued to engage in court-ordered mediation until approximately February 2003 but were unable to resolve the issues of disgorgement, prejudgment interest or civil penalty.

4. During the course of settlement negotiations, the SEC learned that Jupiter transferred some, if not the remainder, of his assets to various foreign and domestic trusts. The SEC learned recently that Jupiter apparently has sold his house in Florida and moved to the Bahamas. Given Jupiter's conduct, the Commission seeks to amend its complaint to name as relief defendants the beneficiaries of his trusts, including his wife, adult children, and minor step-children.

5. The Commission's First Amended Complaint does not allege that the proposed relief defendants violated the federal securities laws.

**Memorandum in Support of Motion for Leave to File First Amended Complaint**

6. Under the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court clarified the standard factors that a district judge may use in denying leave to amend. These are "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Id. The law is well settled that "leave to amend a pleading should be denied only when the amendment is prejudicial to the opposing party, there is been bad faith on the part of the moving party, or the amendment is futile." See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

7. In this case, none of these deficiencies exist. The Commission is seeking merely to add relief defendants, which presents no prejudice to Jupiter. Moreover, the SEC has acted in good faith, and indeed, the addition of the relief defendants to the complaint became necessary as a result of Jupiter's own actions in transferring some, if

3

not all, of his remaining assets to the various trusts he created and in moving outside the United States. Finally, the SEC's motion is not untimely or futile as it appears that Jupiter dissipated a substantial amount of the assets he had at the onset of this litigation during the course of this litigation, that he recently transferred some if not all of his remaining assets to the trusts he created, and that he recently relocated to the Bahamas.

8. It is well established that a plaintiff may seek equitable relief from relief defendants without charging them with any wrongdoing where the relief defendant "(1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." CFTC v. Kimberlyn Creek Ranch, Inc., 276 F.3d 187, 192 (4th Cir. 2002). It is not necessary for the person holding the ill-gotten gains to have done anything wrong in order for that person to be required to return the profit to its rightful owner. Tcherepnin v. Franz, 485 F.2d 1251 (7th Cir. 1973). A relief defendant is part of a suit "only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant." Kimberlyn Creek at 192.

9. The Commission's First Amended Complaint seeks to recover Jupiter's ill-gotten gains from individuals who have no legitimate claim to the funds. Granting the SEC leave to file an amended complaint will promote judicial economy by allowing the Court to determine in a single proceeding whether the proposed relief defendants have received or are in a position in the future to receive funds to which they have no legitimate claim, and if so, whether those funds should be disgorged.

10. The SEC has not filed electronically the exhibits to this motion due to their length. The original exhibits will be sent to the clerk's office and to opposing counsel via overnight delivery as of the date of the electronic filing of this Motion. Exhibit A is an

unmarked copy of the SEC's First Amended Complaint and Exhibit B is a copy of the SEC's First Amended Complaint reflecting the changes from the original complaint. If the Court grants the SEC's Motion to Amend, then the SEC also requests that the Amended Complaint be deemed filed as of that date.

11. Below signed Counsel attempted to contact counsel for Jupiter on the date of filing of this motion to ask for his consent to the relief requested, however, he was out of town.

WHEREFORE, for the foregoing reasons, the SEC requests that the Court grant its Motion for Leave To File the attached First Amended Complaint and its request to shorten the response time by the proposed relief defendants.

Respectfully submitted,

**For Plaintiff Securities and Exchange Commission:**

Carolann Gemski (DC Bar #438561)
One of the Attorneys for Plaintiff
U. S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
(312) 353-7390

**CERTIFICATE OF SERVICE**

I, Carolann Gemski, hereby certify that on June 30, 2004, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent electronically to Allan M. Lerner, counsel for Defendant Dean J. Jupiter by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system. I further certify that on this date, Exhibits A and B to the foregoing Motion have been sent via overnight delivery to the clerk's office and to Allan M. Lerner.