UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

U.S. Securities & Exchange Commission,

        Plaintiff,

vs.

William F. Mahon and
Dean J. Jupiter

        Defendants,

_____/

Civil Action
CASE No. S 00 CV 2918

Judge William D. Quarles

**DEFENDANT DEAN J. JUPITER'S MOTION AND MEMORANDUM OF LAW IN OPPOSITION TO THE SEC'S MOTION TO FILE ITS FIRST AMENDED COMPLAINT AND TO SHORTEN TIME FOR FILING ANSWERS BY THE PROPOSED RELIEF DEFENDANTS**

The Defendant, Dean J. Jupiter ("Jupiter"), by and through his undersigned counsel, files this Motion and Memorandum of Law in Opposition to the SEC's *Motion to File First Amended Complaint and to Shorten Time for Filing Answers by the Proposed Relief Defendants*, and would show in support thereof the following:

**PRELIMINARY STATEMENT**

In September 2000, nearly four years ago (exclusive of the time the SEC conducted its formal investigation into this matter), the SEC filed its Complaint in the U.S. District Court for the Northern District of Maryland against Defendant Jupiter and others, alleging, *inter alia,* that from approximately 1992 through 1997, Defendant Jupiter obtained illegal gains from his participation in a scheme to defraud a customer of the securities brokerage firm with which he was associated. Now after all this time, the SEC seeks to amend its Complaint to add "Relief Defendants".

**Facts**

The SEC Complaint specifically demanded, among other things, monetary relief in the form

of disgorgement of the illicit gains and civil penalties. On January 17, 2003, this Court entered an Order of Permanent Injunction against Jupiter ("Order") by Consent. Paragraph II of the Order states:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant disgorge all ill-gotten gains received by him as a result of the conduct alleged in the Commission's complaint, plus prejudgment interest on those amounts. This Court will set the specific amount of disgorgement, and will determine whether to impose civil penalties on Defendant [Jupiter], and in what amount in a separate hearing upon due notice and motion by the Commission. ***At that hearing the issues will be limited to determining (i) the amount of the disgorgement to be ordered and (ii) whether civil penalties should be imposed on Defendant and the amount of any such penalties.***

The Order also set forth the limits of the future discovery by stating:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Commission is expressly authorized to engage in discovery regarding ***any unresolved issue*** in the case with respect to Defendant, which shall include, but not be limited to, discovery for purposes of determining the amount of ill-gotten gains and civil penalties, if any."

Jupiter seeks to deny the Motion to Amend the Complaint, because the relief sought from adding additional defendants comes too late and exceeds the remaining issues dictated by the Court's January 17, 2003 Order. Moreover, the facts giving impetus to the amendment were known to the SEC years ago, but it, until now, chose to do nothing. The end result of permitting this amendment will be to protract what has already been prolonged litigation, and will operate surreptitiously as an opportunity for the SEC to obtain information in aid of execution before entry of a monetary judgment. In fact, the SEC learned of these matters as early as 2000, and the issue again surfaced during the course of the Court ordered mediation in January of 2002.

What is equally troubling is that two of Jupiter's children who are proposed as relief defendants - Sean and Derek Jupiter - are presently serving in the armed forces, and a third - Lee Jupiter - is presently incarcerated in the Florida state prison system.

**MEMORANDUM IN SUPPORT OF THE MOTION**

<u>Argument</u>

*A. The 1ˢᵗ Amended Complaint Violates the Order of the Court*

Jupiter's consent to the final judgment left the only remaining and unresolved issue the ***amount*** of ill-gotten gains that the Court would eventually order him to disgorge, and what, if any, civil penalty would be required of him. This is the relief that the SEC demanded in its Complaint, and which is clearly defined and limited by the Order.

The First Amended Complaint is, instead, a search for assets. There is no allegation in the Complaint, nor directive in the Order, that permits an extension of the litigation to add these defendants, especially at this late date. The SEC is re-characterizing this proceeding such that it is taking on the appearance of a supplementary proceeding in aid of execution before there is a determination of the amount of disgorgement and a rendering of a final judgment ordering that it be paid. Cf. *SEC v. Huffman*, 996 F.2d 800 (5ᵗʰ Cir. 1993); and *Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems Ltd.*, 526 So. 2d 177 (Fla. 2ⁿᵈ DCA, 1988) (***judgment creditor*** should be allowed broad discovery into the debtor's finances, pursuant to section 56.29(4), Fla. Stat. (1985), and Fla. R. Civ. P. 1.280, even if the discovery concerns property jointly owned with others). The Order identifies "[th]e ***amount of ill-gotten gains and civil penalties***, if any." as the only specific item to be examined. Because the SEC's only burden is to prove the amount of the ill-gotten gains, *SEC v. Great Lakes Equities Co.*, 775 F. Supp. 211, (E.D. Mich. 1991), its Complaint and the balance of this proceeding should be limited to that issue alone.

*B. The Filing of the Amended Complaint is Untimely*

Granting the amendment is within the sound discretion of the Court. *Foman v. Davis,* 370 U.S. 178 (1962)*; Bates v. Western Electric*, 420 F. Supp. 521(E.D. Pa. 1973). Although the

3

defendant acknowledges the broad and liberal policy favoring a plaintiff's ability to amend under Fed. R. Civ. Pro. 15(a), there are limitations. It is those limitations that the Court must measure when exercising its discretion as to whether to permit the amendment. Where a plaintiff seeks to amend its complaint after the defendant has answered, it may do so "only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). Although "leave to amend shall be freely given when justice so requires," a motion to amend may be denied on "numerous grounds" such as "undue delay, undue prejudice to the defendants, and futility of the amendment." *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir.1992). Thus amendment is not automatic. As the Court stated in *Johnson v. Helicopter & Airplane Services Corp.*, 389 F. Supp. 509 (D. Md. 1974):

> The function of Rule 15 is to provide parties an opportunity to assert new matters that may not have been known to them at the time they filed their original pleadings. 6 C. Wright and A. Miller, Fed. Prac. and Proc., Civil P. 1473, at 376 (1971).
>
> The courts have taken a very liberal attitude toward motions to amend. This does not mean, however, that leave to amend must be granted in all cases. Generally the courts must follow the standard set by the rule: pleadings may be amended "when justice so requires." This standard implies its negative; when injustice such as undue prejudice would occur, amendments may not be made.

Although it is clear that delay alone does not support the denial of a motion for leave to amend, *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987), when delay is linked with prejudice to the defendant, the Courts have denied the requested Amendment. Moreover, inordinate delay places the burden on the moving party to demonstrate why the delay was justified. In addressing this issue the Court in *Cureton v. NCAA*, 252 F.3d 267 (3rd Cir. 2001) stated:

> However, "at some point, the delay will become 'undue', placing an unwarranted burden on the court, or will become 'prejudicial', placing an unfair burden on the opposing party." [Citation omitted] Delay may become undue when a movant has had previous opportunities to amend a complaint. See *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (three year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); see also *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting proposed second amended

complaint where plaintiffs were re-pleading facts that could have been pled earlier).

Moreover, substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend. *Lorenz*, 1 F.3d at 1414. The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted. [citation omitted] Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Compare id. at 869 (finding no prejudice because no new facts or additional discovery were required) with Rolo, 155 F.3d at 655 (finding duration of case and substantial effort and expense in resolving underlying motion to dismiss could constitute undue delay or prejudice to defendants) and *Cornell*, 573 F.2d at 823-24 (finding significant prejudice because proposed amendment changed legal and factual basis of claim and prevented defendant from presenting defense).

After weighing these various factors, the *Cureton* Court held that the amendment must be denied because:

> (1) the motion was filed three years after the complaint was filed; (2) the factual information on which the proposed amendment relied was known almost two-and-a-half years before plaintiffs sought leave to amend; (3) judicial efficiency would be damaged by trying claims seriatim; and (4) the interest in the finality of the proceedings would be compromised by amendment. Furthermore, the District Court examined plaintiffs' asserted reasons for the delay in seeking amendment and determined that no "reasonable explanation" existed to overlook the delay.

Similarly, the SEC has taken nearly four years to amend; the factual information was known to them more than two years ago; the amendment will cause the case to literally be reopened despite the fact that everything the SEC sought out to do has already been accomplished, resulting in the compromise of the finality of the proceedings. This amendment will add persons whom the SEC concedes are not responsible for the acts of Jupiter. They are not being added to obtain a judgment against Jupiter, but rather to *collect* the judgment when and if it is obtained. Once added they will have the same rights as any other defendant starting from scratch in litigation. This is likely to place a huge financial burden on Jupiter, clearly causing him great prejudice. *Kuhn v. Philadelphia Electric Co.*, 85 F.R.D. 86 (E.D. Pa., 1979). Ironically, the SEC amendment is likely to financially cripple

Jupiter. While on the one hand the SEC seeks to extend the litigation for an indefinite time[1] thus putting Jupiter through the financial wringer, on the other hand it seeks to recoup the ill-gotten gains from Jupiter who will have fewer and fewer dollars with which to pay the government. Thus this very act of depleting Jupiter's funds creates an even greater disability to satisfy the SEC's disgorgement and civil penalty judgment. This is where the prejudice to Jupiter resides.

## Conclusion

Based upon the foregoing, Defendant Dean Jupiter requests the Court enter an order denying the SEC's Motion to Amend.

**Certificate Pursuant to Local Rule 105.9 of the District of Maryland**

Pursuant to Local Rule 105.9, the undersigned certifies that he has consulted with opposing counsel in a good faith attempt to reach a resolution of this motion.

By:  /s/ Allan M. Lerner
      Allan M. Lerner, FBN 196681

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been filed, pursuant to Fed. R. Civ. P. 5(a), electronically this 26th day of July, 2004. Notice of this filing will be sent electronically to Carolann Gemski, counsel for Plaintiff Securities and Exchange Commission by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.

Allan M. Lerner, P.A.
2888 E. Oakland Park Blvd.
Fort Lauderdale, FL 33306
Tel:(954)563-8111
Fax:(954)563-8522

By:   /s/ Allan M. Lerner
      Allan M. Lerner
      FBN 196681

---

[1] There is no way to determine how long the litigation will continue in light of the fact that two of the five relief defendants are in the armed services and one is incarcerated.

6