FUNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : CIVIL ACTION |
| v. | : FILE NO. S 00 CV 2918 <br> : |
| WILLIAM F. MAHON, ET. AL. | : Judge William D. Quarles <br> : |
| Defendants. | : <br> : |

**SEC'S REPLY TO DEFENDANT'S OPPOSITION TO ITS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO SHORTEN TIME FOR FILING OF ANSWERS BY THE PROPOSED RELIEF DEFENDANTS**

Plaintiff, United States Securities and Exchange Commission (SEC), through its counsel, respectfully files its reply to the opposition filed by Defendant Dean J. Jupiter to the SEC's *Motion For Leave to File First Amended Complaint and to Shorten Time for Filing of Answers by the Proposed Relief Defendants* as follows:

1. Jupiter's Opposition completely ignores that Jupiter's *own* actions have necessitated the SEC filing to amend its complaint to add as relief defendants Jupiter's wife and children, the beneficiaries of the foreign and domestic trusts to which he apparently has transferred his assets. In approximately December 2003, Jupiter fled the country after establishing the trusts, ostensibly to avoid the United States courts' ability to meaningfully enforce any money judgment that may be entered against him in this case. The SEC is seeking to add the proposed relief defendants to preserve all available options for collection of any money judgment that may be entered against Jupiter, given that he has fled the country. Since Jupiter's location currently is unknown, pursuing a

collection action or contempt charges for non-payment against him may be difficult, if not futile. Without adding the proposed relief defendants to this action, then there may be few or no mechanisms through which the United States courts will be able to execute on ill-gotten gains that Jupiter funnels to the proposed relief defendants, either directly or through his trusts. The SEC seeks to add the proposed relief defendants so that the court can order them to disgorge any ill-gotten gains they may have, or will in the future, receive from Jupiter, as well as to repatriate any foreign assets over which they may have control and which contain Jupiter's ill-gotten gains.

     2.     Jupiter's claim that the SEC is conducting an "asset search" is simply untrue. The SEC has not requested that the court reopen discovery. Indeed, the SEC already has deposed Jupiter's three adult sons and his accountant. As previously stated, the SEC seeks to add the proposed relief defendants so they can be subject to disgorgement and repatriation orders related to Jupiter's ill-gotten gains. Rather than searching for assets, the SEC instead is trying to run interference on Jupiter's future distribution of the proceeds of his fraud to his beneficiaries.

     3.     Jupiter's claim that he will suffer a "huge financial burden" by amendment of the complaint is disingenuous. Jupiter has not identified how adding the proposed relief defendants to this action will impact him negatively and financially. Whether or not the proposed relief defendants are added, the SEC anticipates filing a dispositive motion against Jupiter. The addition of the proposed relief defendants to this action does not alter the substance of the SEC's dispositive motion against Jupiter, so there would not appear to be *any* additional financial burden to Jupiter by granting the relief requested. The only conceivable effect that amendment of the complaint will have on Jupiter will be

to frustrate his attempts to avoid meaningful enforcement of any money judgment that this Court may order. If this Court were to deny the SEC's request, then it would serve only to reward Jupiter for his deviousness.

      4.      Finally, Jupiter's claim that the SEC's request to amend its complaint is too late, also, is disingenuous. Although Jupiter provided information to the SEC about his trusts earlier in this litigation, Jupiter labeled his document productions "for settlement purposes only." Conveniently, Jupiter's opposition fails to mention that when settlement negotiations broke down between the parties, he claimed that the SEC's use of the information he provided was limited because the productions were "for settlement purposes only." Although the SEC did not (and does not) concede this point, to avoid even an appearance of impropriety, the SEC obtained the court's approval to reopen discovery in December 2003 to get copies of Jupiter's trust documents without any limitations. In 2004, the SEC issued subpoenas to Jupiter and his accountant, through which it got copies of Jupiter's trust documents, which could not be subject to any potential claims by Jupiter of misuse of the settlement process. Accordingly, it was only in 2004 that the SEC received copies of at least some of Jupiter's trust documents without any of Jupiter's purported limitations on use.

      WHEREFORE, for the foregoing reasons and those identified in its original motion, the SEC requests that the Court grant its *Motion For Leave to File First Amended Complaint and to Shorten Time for Filing of Answers by the Proposed Relief Defendants.*

Respectfully submitted,

**For Plaintiff Securities and Exchange Commission:**

_____
Carolann Gemski (DC Bar #438561)
One of the Attorneys for Plaintiff
U. S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
(312) 353-7390

## CERTIFICATE OF SERVICE

I, Carolann Gemski, hereby certify that on August 4, 2004 a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent electronically to Allan M. Lerner, counsel for Defendant Dean J. Jupiter by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.