UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION : <br><br> Plaintiff, : <br><br> v. : <br><br> WILLIAM F. MAHON, ET. AL. : <br><br> Defendants. : | <br><br><br><br> CIVIL ACTION <br> FILE NO. S 00 CV 2918 <br><br> Judge William D. Quarles <br><br> |

**Plaintiff's Motion for Alternative Service on Relief Defendants
Barbara Jupiter, Jillian Coen, and Robert Coen
and to Extend Time to Effectuate Service of Process Nunc Pro Tunc**

Plaintiff Securities and Exchange Commission ("SEC") respectfully moves this Court pursuant to Fed.R.Civ.P. 4(e)(1) and Maryland Rule 2-121(c) to authorize alternative means of service of the summons and complaint upon Relief Defendants Barbara Jupiter, Jillian Coen, and Robert Coen (collectively, "the Relief Defendants"), who are the wife and minor step-children of Defendant Dean J. Jupiter (Jupiter). The SEC has been unsuccessful, despite good faith efforts, in serving papers on or otherwise locating the Relief Defendants because they intentionally have rendered themselves beyond location. The SEC also moves this court pursuant to Fed.R.Civ.P. 4(m) to extend the 120-day deadline to complete service of process on the Relief Defendants. In support of this motion, the SEC submits the following:

## FACTS

1.   The location of Jupiter and the Relief Defendants are unknown, ostensibly by design. Jupiter and his wife sold their house and moved to an unknown location in December 2003, just prior to entry of a consent order against Jupiter which included an injunction, but left unresolved the issues of

disgorgement and a civil penalty.  The SEC learned of the Jupiter family's relocation in February 2004 when attempting to serve subpoenas on Jupiter and his wife.  The SEC's process server went to the Jupiter's residence at 112 Sweet Bay Circle, Jupiter, Florida, 33458, only to find another family residing there.  The couple who purchased the Jupiter's house told the SEC's process server that they believed that the Jupiters had moved to the Bahamas.  Exhibit A (Affidavit of Process Server Wayne Pollick).  Counsel for the SEC contacted Jupiter's counsel to get Jupiter's new address; however, Jupiter's counsel was not aware at the time that his client had moved.  Jupiter's counsel still does not have contact information for Jupiter or his wife.

      2.      Using an investigative database, an investigator with the SEC, Duane Ware, located a Post Office Box in Miami, Florida, associated with Barbara Jupiter (formerly "Coen") from at least June 2004 through February 11, 2005.  The Post Office Box number is 25635, Miami, FL  33102.  Exhibit B (Affidavit of Duane Ware).  Mr. Ware contacted the Post Office for Miami and was informed that Post Office Box 25635, Miami, FL  33102 is leased by Trans Express, Inc., a company in the business of forwarding mail outside the United States.  Mr. Ware confirmed on February 11, 2005 with Trans Express, Inc. that Barbara Coen currently is a client of theirs and that if she were to receive mail, it would be at Post Office Box 25635 for forwarding to Costa Rica.  The address for Trans Express, Inc. is 7801 NW 37th Street, Miami FL  33166.

      3.      The SEC retained private counsel in the Bahamas, April N. Turner of McKinney, Bancroft & Hughes, to locate Jupiter and the Relief Defendants.  However, Ms. Turner's efforts were not successful.  The steps taken by Ms. Turner to locate the Relief Defendants in the Bahamas included the following:

      (a) determining that the minor children, Jillian and Robert Coen, were not enrolled in private school in the Bahamas, Exhibit C (Affidavit of April Turner),

      (c) conducting a search of the Bahamian Company Registry records, which contains records of all business incorporated in the Bahamas.  Exhibit D (Affidavit of Camelio Dorsett)

      (d) conducting Bahamian property record and mortgage searches, as well as litigation records, to locate the relief defendants.  Exhibit E (Affidavit of Sherrell Hanna).

4.     Ms. Turner also retained a private process server in the Bahamas, Jack Davis, to locate the Relief Defendants.  Mr. Davis searched the records of the Bahamian Department of Immigration, National Insurance Board, and Department of Road Traffic.  Paragraph 4 of Mr. Davis' affidavit says that "[t]here is no record of any of the [Relief Defendants] having a resident permit or work permit issued by the Department of Immigration to reside legally in the Bahamas," and that "for the past year there is no record of any of them entering Nassau on a visitors permit."  Exhibit F (Affidavit of Jack Davis, submitted as signed in the presence of a notary public, but without the Apostille, which has not yet been returned by the Ministry of Foreign Affairs and will be submitted to the Court as a supplement upon receipt).

5.     The Jupiter family's covert relocation was designed to avoid this Court's authority.  In May 2004, the SEC took the deposition of Jupiter's accountant and friend of 25 years, Larry Legel.  Legel testified that he last saw Jupiter in January 2004.  Legel testified that at that time, Jupiter told him that he had sold his house and was moving, and that they would not again see each other.  Exhibit G (Legel deposition transcript, Page 16, Lines 7-9).  Jupiter told Legel that Legel could contact him by leaving a message with Allan Cole (who is the Bahamian trustee of at least two of Jupiter's foreign trusts), and that Cole would contact Jupiter, who would then contact Legel.  Exhibit G (Legel deposition transcript, Page 16, Lines 14-16).  Additionally, Jupiter told Legel that he should take future directions from M. Daniel Hughes, Esq.  Exhibit G (Legel deposition transcript, Page 16, Lines 12-17).  Mr.

3

Hughes represented Legel at his deposition and has entered an appearance in this action on behalf of Jupiter's three adult sons, who also are Relief Defendants. Mr. Hughes has informed the SEC that he does not have an address for Dean or Barbara Jupiter. Legel provided the SEC with contact information for Allan Cole as follows: Alan Cole, Trustee, Sterling Management Ltd., PO Box N9934, 2nd Floor, Ansbacher House, Nassau, New Providence, Bahamas, Fax 242-325-8445.

6.  The SEC requests that this court authorize alternative service upon the Relief Defendants by (1) the mailing and faxing of a copy of the complaint and summons (and this Court's Order for Alternative Service) to Alan Cole, Trustee, Sterling Management Ltd., PO Box N9934, 2nd Floor, Ansbacher House, Nassau, New Providence, Bahamas, Fax 242-325-8445, (2) mailing a copy of the summons and complaint (and this Court's Order for Alternative Service) to the Jupiter family's last known address, 112 Sweet Bay Circle, Jupiter, Florida, 33458, (3) mailing a copy of the summons and complaint (and this Court's Order for Alternative Service) to Post Office Box 25635, Miami, FL 33102, and (4) by leaving a copy of summons and complaint (and this Court's Order for Alternative Service) with Trans Express, Inc., 7801 NW 37th Street, Miami FL 33166.

7.  The SEC also requests that this Court extend the deadline for effectuating service of process by 120 days, *nunc pro tunc* to the expiration of the first 120 day period on December 14, 2004. If the Court denies the SEC's motion for alternative service, then, in the alternative, the SEC requests that in order for it to undertake additional location efforts that the deadline for effectuating service of process be extended by 240 days *nunc pro tunc* to the expiration of the first 120 day period on December 14, 2004. The SEC also requests that pending the outcome of additional location efforts that the Court stay the deadlines for filing of another motion for alternative service and the current May 13, 2005 deadline for the filing of dispositive motions.

**MEMORANDUM OF LAW**

8.  Fed.R.Civ.P. 4(e)(1) provides for service, other than upon an infant or incompetent person, "pursuant to the law of the state in which the district court is located." In turn, Maryland Rule 2-121(c) provides that when presented with an affidavit stating that good faith efforts have been made to effectuate service, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Life Insurance Company of North America v. Batson et. al., 2004 U.S. Dist. LEXIS 4305 (MD April 15, 2004). Such notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. citing Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n., 94 F.3d 914, 920-21 (4th Cir. 1996) (internal citations omitted).[1]

9.  Fed.R.Civ.P. 4(g) provides for service upon infants, such as Relief Defendants Jillian and Robert Coen, "in the manner prescribed by the law of the state in which the service is made for the service of the summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." In this matter, the need for alternative service has arisen because the Jupiter family has rendered itself beyond location. Thus, the "state in which service is made" relating to the minor Relief Defendants cannot be determined. The minor Relief Defendants' last known address was in Florida. Pursuant to Fla. Stat. §48.041 (2004), service upon a minor is effectuated by

---

[1] Even if the Relief Defendants are in located in Costa Rica, the proposed service of process nonetheless is appropriate. Rule 4(f)(3) of the Federal Rules of Civil Procedure permits service on an individual in a place not within any judicial district of the United States "by … means not prohibited by international agreement as may be directed by the court." As long as court-directed and not prohibited by international agreement, service of process under Rule 4(f)(3) may be accomplished, even if contrary to the laws of the foreign country. Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002); Mayoral-Amy v. BHI Corporation, 180 F.R.D. 456, 459 n. 4 (S.D.Fla. 1998). Costa Rica is not a signatory to the Hague Convention and is not a party to any other treaties or international agreements with the United States relating to service of process. Under usual practice in this type of situation, if an individual's location was known, then authorization for alternative service by international mail would be sought. However, given the Jupiters' demonstrated high level of sophistication in placing themselves beyond location, the SEC is doubtful that additional expenditures for foreign counsel and a process server in Costa Rica would meet with success. Since the proposed alternative means of service are not prohibited by international agreement and are reasonably calculated to place the Relief Defendants on notice of the pendency of this action, and since good faith efforts have been made to locate the Relief Defendants, the SEC believes the relief requested is appropriate.

5

serving the minor's parent or guardian as provided by Fla. Stat. §48.031(1)(a) (2004), which provides in relevant part that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper." However, Florida law does not provide for alternative methods of service like those available pursuant to Maryland Rule 2-121(c) for service upon Relief Defendant Barbara Jupiter. Instead, Florida's law provides for substituted service premised on physical delivery of the necessary documents to a "substituted person." Fla. Stat. §48.031 (2004). Nonetheless, Florida law does provide that "[i]f the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location."

10.     The SEC requests that this Court order that the proposed alternative service suggested in Paragraph 6 above be ordered applicable to all three Relief Defendants. Barbara Jupiter is subject to Maryland law for alternative service. It is unclear which state's law is applicable to the minor children, although even if Florida law were applied, then the result would be that Barbara Jupiter would be served on their behalf. Thus, the equitable and practical solution would be for this Court to order the same form of alternative service as to all three Relief Defendants.

11.     Fed.R.Civ.P. 4(m) provides for service within 120 days of the filing of the complaint, (or, in this case, the First Amended Complaint) and that, upon a showing of good cause, "the court shall extend the time for service for an appropriate period." The Supreme Court has held that "courts have been accorded great discretion to enlarge the 120-day period even if there is no good cause shown." Id. (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996), Carol Ann Hendry v. Dewey Schneider, 116 F.3d 446, 448 (1997) (service 176 days after filing of amended complaint without prior extension upheld based on defendant's evasion of service). The SEC's First Amended Complaint was

filed on August 16, 2004. Since then, the SEC has diligently been attempting to locate and serve the Relief Defendants, as outlined in its status reports to the Court on November 15, 2004 and January 11, 2005 and in this motion. The SEC requests the Court extend the deadline for service by 120 days *nunc pro tunc* to the expiration of the original 120 day period on December 14, 2004 based on its diligent efforts to locate the Relief Defendant. An extension previously was not sought because undersigned counsel mistakenly calculated and calendared the deadline out to 180 days, rather than 120. Alternatively, should the Court deny the SEC's motion for alternative service, then in order to undertake additional service efforts, then the SEC requests the Court extend the deadline for service by 240 days *nunc pro tunc* to December 14, 2004.

WHEREFORE, for the foregoing reasons, the SEC requests that the Court grant this Motion and order the relief as included in the attached proposed order.

Respectfully submitted,

**For Plaintiff Securities and Exchange Commission:**

/s/
Carolann Gemski (DC Bar #438561)
One of the Attorneys for Plaintiff
U. S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
(312) 353-7390

**CERTIFICATE OF SERVICE**

I, Carolann Gemski, hereby certify that on February 11, 2005, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent electronically to Allan M. Lerner, counsel for Defendant Dean J. Jupiter and M. Daniel Hughes, Counsel for Relief Defendants Derek, Sean, and Lee Jupiter, by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.