UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION : : : : Plaintiff, : : v. : : WILLIAM F. MAHON, ET. AL. : : Defendants. : : | CIVIL ACTION FILE NO. S 00 CV 2918 Judge William D. Quarles |

**FINAL JUDGMENT FOR DISGORGEMENT AND REPATRIATION AGAINST RELIEF DEFENDANTS LEE JUPITER, BARBARA JUPITER, JILLIAN COEN AND ROBERT COEN**

**THIS MATTER** is before the Court on the SEC's *Motion ForDisgorgement and Repatriation Orders Against Relief Defendants Lee Jupiter, Barbara Jupiter, Jillian Coen and Robert Coen.* The Court has reviewed the motion, as well as the entire record in the case, and finds that the evidence supports entry of this Final Judgment for Disgorgement and Repatriation against Lee Jupiter, Barbara Jupiter, Jillian Coen and Robert Coen ("Final Judgment").

**I.**

Accordingly, it is **ORDERED AND ADJUDGED** that the SEC's motion is **GRANTED;**

**II.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Lee Jupiter, Barbara Jupiter, Jillian Coen and Robert Coen ("relief defendants") shall take such steps as are necessary to repatriate to the territory of the United States all assets held in any trusts created by or at the request of Dean J. Jupiter for which they are beneficiaries (whether held by them or under their

direct or indirect control, jointly or individually, or otherwise) and to provide the Commission and the Court a written description of the funds and assets so repatriated.

### III.

**IT IS FURTHER ORDERED AND ADJUDGED** that relief defendants shall disgorge any ill-gotten gains that they have received or in the future will receive, plus prejudgment interest thereon, including, but not limited to any payments received from Jupiter, whether directly or as a beneficiary of one of Jupiter's trusts.  The SEC may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time following entry of this Final Judgment.  In response to any such civil contempt motion by the SEC, the relief defendants may assert any legally permissible defense.  Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Dean J. Jupiter as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court and the relief defendant from whom the payment is made; and specifying that payment is made pursuant to this Final Judgment.  Relief defendants shall simultaneously transmit photocopies of each such payment and letter to the SEC's counsel in this action.  Relief Defendants relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Relief Defendants.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS").  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income

earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The SEC may propose a plan to distribute the Fund subject to the Court's approval.

### III.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of action for all purposes, including the implementation and enforcement of this Final Judgment.

### VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED**, this ___ day of _____, 2005.

_____
The Honorable William D. Quarles
United States District Judge

3