**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** : : : : | |
| **Plaintiff,** : : | |
| v. : : | CIVIL ACTION FILE NO. S 00 CV 2918 |
| **WILLIAM F. MAHON, ET. AL.** : : | Judge William D. Quarles |
| **Defendants.** : : | |

**FINAL JUDGMENT SETTING DISGORGEMENT, IMPOSING A CIVIL PENALTY, AND PREJUDGMENT INTEREST AND A REPATRIATION ORDER AGAINST DEAN J. JUPITER**

**THIS MATTER** is before the Court on the SEC's *Amended Partial Consent Motion to Request Disposition by Motion and Enter Final Judgment Setting Disgorgement, Civil Penalty, and Prejudgment Interest and a Repatriation Order against Dean J. Jupiter.* The Court has reviewed the motion, as well as the entire record in the case, and finds that the evidence supports entry of this Final Judgment Setting Disgorgement, Imposing a Civil Penalty, and Prejudgment Interest and a Repatriation Order against Dean J. Jupiter ("Final Judgment").

**I.**

Accordingly, it is **ORDERED AND ADJUDGED** that the SEC's motion is **GRANTED**;

**II.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Dean J. Jupiter ("Jupiter") is liable for disgorgement of $30,177,574, representing $14,221,185 in profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount

of $15,846,389. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time following entry of this Final Judgment. In response to any such civil contempt motion by the SEC, the defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Dean J. Jupiter as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the SEC's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The SEC may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Jupiter shall pay a civil penalty in the amount of $110,000 pursuant to Section 21(d)(3) of the Securities Exchange

Act of 1934 [15 U.S.C. § 78u(d)(3)]. Jupiter shall make this payment upon after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Jupiter's as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Jupiter shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## IV.

**IT IS FURTHER ORDERED AND ADJUDGED** that Jupiter shall take such steps as are necessary to repatriate to the territory of the United States all assets in which he has a direct, indirect, or beneficial interest and to provide the SEC and the Court with a written description of the funds and assets so repatriated.

## V.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of action for all purposes, including the implementation and enforcement of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

4

**DONE AND ORDERED**, this ___ day of _____, 2005.

_____
The Honorable William D. Quarles
United States District Judge