UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION : FILE NO. S 00 CV 2918 : |
| WILLIAM F. MAHON, ET. AL. | : Judge William D. Quarles : |
| Defendants. | : : |

**REPLY TO OPPOSITION TO SEC'S MOTION FOR A REPATRIATION ORDER AGAINST DEFENDANT DEAN J. JUPITER**

Plaintiff Securities and Exchange Commission ("SEC"), pursuant to Local Rule 102.5, respectfully replies to the Opposition filed by Defendant Dean J. Jupiter ("Jupiter") to the SEC's Motion for a Repatriation Order, as follows:

1.  As Jupiter admits, issuance of a repatriation order by this Court is completely discretionary. Jupiter's Opposition provides no persuasive arguments to support denial of the SEC's request for a repatriation order. Indeed, the four arguments presented by Jupiter (addressed below), are not compelling and instead only further solidify the need for entry of a repatriation order.[1]

---

[1] Jupiter's Opposition also cites to Florida's homestead exemption law, however, that issue is moot because the Jupiters sold their home in Florida. Even if Florida law provided an exemption for the Jupiters' homestead (which the SEC is not conceding), any such protection was lost when the Jupiters' sold their residence and transferred the proceeds into The Trophy Trust. Jupiter claims that the proceeds of the sale of his homestead are protected by Florida's homestead law even after the transfer, however, he cites no law to support this argument and indeed, it appears no such law exists.

<u>There is No Merit to Jupiter's Claims That (A) The "Purposes" For Which He Originally Created His Trusts, Rather Than His Current Use of Those Trusts, Is Controlling, and (B) There Is No Current Need For Entry of a Repatriation Order.</u>

2.      Jupiter characterizes himself as a "victim" of "the draconian effect" of being held responsible for committing a $14 million fraud and he argues that a repatriation order is not warranted because his trusts were not created "to expressly defeat the SEC's claims." The skewed perspective from which Jupiter presents these arguments only further demonstrates the need for issuance of a repatriation order. Jupiter is not the victim here. He received over $14 million dollars in commissions from a fraudulent scheme and he has fled the country, without providing his contact information to his own counsel, the SEC, or this Court. And despite what Jupiter would have this Court believe, Jupiter's own accountant admitted in his deposition that Jupiter's use of the Dean J. Jupiter Trust changed from its original supposed objectives to include avoidance of attachment of assets by the United States Government. (Exhibit A to Motion, Page 37). Moreover, Jupiter admitted in his Opposition to the SEC's motion that he has assets overseas. While Jupiter may have consented to entry of a judgment in excess of $30 million, it is clear that he does not intend to pay that judgment voluntarily or else he would not be hiding. Entry of a repatriation order will allow the SEC to pursue the judgment against Jupiter in spite of his efforts to evade the jurisdiction of this Court.

<u>Jupiter Cites Incomplete Facts and Makes Contradictory Arguments in Claiming that the SEC's Motion is Untimely, And, Contrary to His Claim, He Never Has Provided Cooperation to the SEC in This Matter</u>

3.      Jupiter's Opposition is internally inconsistent regarding the timeliness of the SEC's request for a repatriation order. Jupiter claims on Page 7 of his Opposition that "the SEC has waited far too long to seek [a repatriation] order." On the next page, Jupiter then argues that a repatriation order is premature.

4.      To support his claim that the SEC's pursuit of a repatriation order is "too late," Jupiter points to the SEC knowing about some of his trusts during court-ordered mediation. However, Jupiter's Opposition omits mentioning that when Jupiter provided copies of the trust documents to the SEC, he marked them "for settlement purposes only." Without conceding that this language limited the SEC's use of the documents, the SEC, to avoid any claims that protected documents had been used improperly, issued a subpoena to Jupiter's accountant, Larry Legel, for copies of the trust documents (among other things) for which there could be no limitations of use. Jupiter's response was the antithesis of the "cooperative defendant" that he attempts to portray himself as in his Opposition. Rather than cooperate, Jupiter attempted to thwart the SEC's efforts to obtain copies of his trust documents by filing a Motion to Quash the Legel subpoena (which, incidentally, caused additional delay). This Court denied Jupiter's Motion to Quash.

5.      To support his claim that a repatriation order is "premature," Jupiter points to his purported cooperation and the supposed lack of bad faith on his part. However, these arguments ignore the underlying facts. While Jupiter may have consented to entry of an injunction and disgorgement order, he did so nearly five years after the filing of this action, after dissipating a substantial amount of his assets, after fleeing the country to an unknown location, and only when he had nothing left to lose. Jupiter's litigation gamesmanship is not "cooperation," but instead is his cunning, strategic, and well-orchestrated effort to avoid being held financially responsible for his fraudulent acts. Issuance of a repatriation order will help ensure that Jupiter's attempts to avoid this Court's jurisdiction will not be successful.[2]

---

[2] Jupiter's Opposition inaccurately states, apparently as a matter of semantics, that the SEC rejected a monetary settlement offer. Only the Commissioners of the SEC have the authority to accept or reject a settlement offer. During settlement discussions, counsel for the SEC told Jupiter that they would not support a recommendation to the Commissioners that the Commissioners accept the monetary settlement proposed by Jupiter. Jupiter declined formal

3

For the foregoing reasons, the SEC respectfully requests that this Court enter the proposed order against Jupiter attached to its Motion.

Respectfully submitted,

June 7, 2005

___/s/_____
Carolann Gemski, Esq.
United States Securities and Exchange
   Commission
175 W. Jackson Boulevard, Suite 900
Chicago, IL  60604
Phone:  (312) 353-0512
One of the Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Carolann Gemski, hereby certify that on June 7, 2005, a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent electronically to Allan M. Lerner and Robert W. Biddle, counsel for Defendant Dean J. Jupiter, and M. Daniel Hughes, counsel for Relief Defendants, by operation of the Court's electronic filing system.  Parties and interested persons may access this filing through the Court's system.

_____/s/_____
Carolann Gemski

---

presentation of his settlement proposal to the Commissioners without the support of counsel for the SEC.  Thus, the SEC did not reject a settlement offer, but instead, counsel for the SEC rejected their support of Jupiter's proposed settlement.

4