# Exhibit B

# D<small>EAN</small> J. J<small>UPITER</small>
# TRUST

# Dean J. Jupiter Trust

## INDEX

| CLAUSE | HEADING |
|---|---|
| 1 | DEFINITIONS |
| 2 | APPLICABLE LAW |
| 3 | POWER TO SELL OR RETAIN |
| 4 | POWERS OF APPOINTMENT |
| 5 | LOANS TO BENEFICIARIES |
| 6 | APPLICATION OF INCOME AND CAPITAL |
| 7 | TRANSFERS TO OTHER TRUSTS |
| 8 | ADDITIONS TO BENEFICIAL CLASS |
| 9 | COMMUNITY OF PROPERTY SHALL NOT APPLY |
| 10 | RELEASE OF TRUSTEES (INFANT AND OTHER BENEFICIARIES) |
| 11 | INVESTMENT POWERS |
| 12 | MAJORITY CONTROLLED OR OTHER COMPANIES |
| 13 | TRUSTEES ADDITIONAL POWERS RESPONSIBILITIES |
| 14 | DEALINGS WITH OTHER PARTIES |
| 15 | APPOINTMENT OF REPLACEMENT TRUSTEES |
| 16 | NON-ACCOUNTABILITY OF TRUSTEES |
| 17 | TRUSTEE INDEMNIFICATION |
| 18 | NON-DISCLOSURE |
| 19 | TRUSTEES REMUNERATION |
| 20 | TRUSTEES DISCRETIONS |
| 21 | RELEASE OR ABEYANCE OF POWERS |
| 22 | CHANGE OF JURISDICTION |
| 23 | PERPETUITY RESTRICTION |
| 24 | IRREVOCABILITY |

25     NAME OF TRUST

26     HEADINGS

THE FIRST SCHEDULE
THE SECOND SCHEDULE
THE THIRD SCHEDULE

**COMMONWEALTH OF THE BAHAMAS**

**New Providence**

  **THIS DECLARATION OF TRUST** is made the 24th day of June, 997 **BY ANSBACHER (BAHAMAS) LIMITED** a Company incorporated and existing under the laws of the Commonwealth of the Bahamas and having its registered office at Ansbacher House in the City of Nassau in the Island of New Providence one of the Islands of the said Commonwealth (hereinafter called "the Corporation").

  **WHEREAS** the property described in the Second Schedule to this Deed has been transferred to the Corporation (the receipt whereof the Corporation hereby acknowledges) to the intent that the same shall be held upon the trusts and with and subject to the powers and provisions hereinafter declared and contained concerning the same.

  **NOW THIS DEED** made in the pursuance of the said desire and in consideration of the premises WITNESSETH as follows:

**DEFINITIONS**

1. In this Trust where the context so admits the following expressions bear the following respective meanings:

    (a) "the Trustees" means the Corporation or other trustees or trustee for the time being of this Trust.

    (b) "the Trust Fund" means the property listed in the Second Schedule hereto (Initial Trust Fund) which has been transferred to the Corporation and all other (if any) capital moneys and investments or other property real or personal which may at any time hereafter be paid to or transferred into the names or under the legal control of the Trustees to be held upon the trusts hereof or which may at any time hereafter in any other manner become subject to the trusts hereof including all income paid and/or accrued upon or in respect thereof and the property from time to time representing the same respectively.

    (c) "the Beneficiaries" means and includes the following persons:

     (i) All and any persons specified in the Third Schedule hereto

     (ii) Such other persons as are added to the class of beneficiaries in exercise of the power conferred upon the Trustees by Clause 8 hereof

    And the expression "Beneficiary" has a corresponding meaning.

    (d) "the Trust Period" means the period commencing on the date of this Trust and ending twenty years after the death of the last survivor of such of the Beneficiaries and the lineal descendants of his Late Majesty King George the Fifth as are living at the date hereof or on such earlier date (if any) as the Trustees shall by irrevocable deed declare.

    (e) (i) The singular number only shall include the plural number and vice versa

3

result of their having acted in connection with the trusts hereof or in the case of any successor Trustees hereof then whenever imposed and for whatsoever period or event.

(b) The Trustees shall be entitled to make payments pursuant to subclause (a) above notwithstanding that the relevant liabilities referred to in sub-clause (a) above are not enforceable against the Trustees or the assets or income of the Trust Fund And in deciding whether or not to make such a payment or to obtain recoupment from the Trust Fund for such payment the Trustees shall be entitled to take into account the interest of persons other than those who are or may become entitled to benefit hereunder and in particular (but without prejudice to the generality of the foregoing) may take into account the interests of all or any of the Trustees to the exclusion of all other interests notwithstanding that to do so shall or may prejudice the interests of some of the Beneficiaries to the prejudice of the interests of other Beneficiaries And it is provided that the references in this sub-clause to "interests" shall include vested contingent and discretionary interests.

(c) The Trustees shall have a lien on each and every asset comprised in the Trust Fund in respect of any liability falling within sub-clause (a) above and any payment made by the Trustees in respect thereof And shall be entitled to a full and complete indemnity out of the Trust Fund in respect of such liabilities.

(d) The Trustees shall not be liable in any way whatsoever in the event that the Trustees discharge out of the Trust Fund any liability pursuant to this clause and no beneficiary or person who is or may become entitled hereunder shall be entitled to make any claim of whatsoever nature in respect of such payment.

(16) To do all such things and to sign seal execute and deliver all such deeds and documents and things as may be requisite in the premises or as may be necessary or incidental to the due administration and control of the Trust Fund or the due execution of the trusts hereby created.

**THE SECOND SCHEDULE (the Initial Trust Fund) hereinbefore referred to in Clause 1(b)**

**US$505,000.00**

**THE THIRD SCHEDULE (the Beneficiaries) hereinbefore referred to in Clause 1(c)**

| Dean J. Jupiter | D.O.B. | 4/8/48 |
| Lee Jupiter | D.O.B. | 1/1/76 |
| Sean Jupiter | D.O.B. | 20/6/79 |
| Derek Jupiter | D.O.B. | 19/3/81 |

23