UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION : <br><br>  Plaintiff, : <br><br> v. : <br><br> WILLIAM F. MAHON, ET. AL. : <br><br>  Defendants. : | : <br> : <br> : <br> CIVIL ACTION <br> FILE NO. S 00 CV 2918 <br> : <br> Judge William D. Quarles <br> : |

**SEC'S OPPOSITION TO MOTION OF RELIEF DEFENDANTS SEAN AND DEREK JUPITER TO STAY PROCEEDINGS**

Plaintiff Securities and Exchange Commission ("SEC"), pursuant to Local Rule 105, respectfully opposes the Motion filed by Relief Defendants Sean Jupiter and Derek Jupiter ("the Relief Defendants") to stay these proceedings, as follows:

1. On August 16, 2004, the SEC filed its First Amended Complaint adding the Relief Defendants, and four other relief defendants. On December 20, 2004, the Relief Defendants filed an answer, through counsel, in which they said that were both in the military and both "expected to be deployed to the country of Iraq in the very near future." On June 15, 2005, the SEC filed a *Motion for Disgorgement and Repatriation Orders Against Relief Defendants Sean Jupiter and Derek Jupiter.* On June 20, 2005, the Relief Defendants, through counsel, filed a motion to stay these proceedings, which does not reflect that either has been deployed to Iraq.

2. The SEC respectfully opposes the Relief Defendants' Motion because it fails to meet the statutory standard for a stay. An application for a stay under The Servicemembers Civil

Relief Act, 50 USC § 522, requires that a servicemember "set[] forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." Without any factual basis, the Relief Defendants' Motion simply concludes that their military duties "materially affect their ability to appear and assist in their defense of this action." The Relief Defendants' Motion sets forth no facts whatsoever regarding their current military duties. Indeed, although the Relief Defendants' Answer states that both of them "are expected to be deployed to the country of Iraq in the very near future," the pending motion to stay makes no such representation regarding Sean Jupiter, but only Derek Jupiter. The Relief Defendants' Motion also does not address the fact that there is no a need for them "to appear" in court. Instead, all that is required is for their counsel to file an opposition to the SEC's pending *Motion for Disgorgement and Repatriation Order Against Relief Defendants Sean Jupiter and Derek Jupiter*. Nonetheless, the Relief Defendants, despite providing no good reasons, would have this court delay resolution of this matter for 4.5 years for Sean Jupiter and 16 months for Derek Jupiter.

3.  Additionally, the interest of judicial efficiency will best be served by denying the Relief Defendants' motion to stay. The Relief Defendants are in the United States, represented by counsel, and do not have to appear in court to resolve this case. The SEC has filed dispositive motions addressing all of the outstanding issues relating to all of the litigants in this case.[1] The only remaining matter to be briefed is the Relief Defendants' opposition to the SEC's *Motion for Disgorgement and Repatriation Orders Against Relief Defendants Sean Jupiter and Derek*

---

[1] On May 25, 2005, the SEC filed its *Amended Partial Consent Motion to Request Disposition by Motion and Enter Final Judgment Setting Disgorgement, Civil Penalty, and Prejudgment Interest And a Repatriation Order Against Dean J. Jupiter*. On May 27, 2005, Dean J. Jupiter filed his opposition to the repatriation portion of the SEC's motion, to which the SEC replied on June 7, 2005. Additionally, on May 13, 2005, the SEC filed a *Motion for Disgorgement and Repatriation Orders* against the four other relief defendants (Lee Jupiter, Barbara Jupiter, Jillian Coen, and Robert Coen), which has not been opposed.

*Jupiter*. By denying the Relief Defendants' request for a stay, the court will ripen the last remaining issues in this case for a ruling.

For the foregoing reasons, the SEC respectfully requests that this Court deny the Relief Defendants' motion to stay and enter the proposed order attached to this Opposition.

                                    Respectfully submitted,

June 22, 2005                          ___/s/_____
                                          Carolann Gemski, Esq.
                                          United States Securities and Exchange
                                              Commission
                                          175 W. Jackson Boulevard, Suite 900
                                          Chicago, IL  60604
                                          Phone:  (312) 353-0512
                                          One of the Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Carolann Gemski, hereby certify that on June 22, 2005, a copy of the foregoing Opposition was filed electronically. Notice of this filing will be sent electronically to Allan M. Lerner, counsel for Defendant Dean J. Jupiter, and Paul Vettori and M. Daniel Hughes, counsel for the Relief Defendants, by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.

                                            _____/s/_____
                                            Carolann Gemski